IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**DONNELL HAWKINS,**

    Petitioner,

v.                                                       **Civil Action No. 1:13cv214**
                                                                **(Judge Keeley)**

**R.A. PERDUE,**

    Respondent.

## REPORT AND RECOMMENDATION

### I. Background

On September 20, 2013, the *pro se* petitioner, an inmate currently incarcerated at FCI Gilmer in Glenville, West Virginia, filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. On October 20, 2013, petitioner was granted leave to proceed *in forma pauperis* but directed to pay the $5.00 filing fee. After moving for reconsideration of that Order and being denied, but granted an extension, on November 26, 2013, the petitioner paid the requisite fee. On November 27, 2013, the respondent was ordered to show cause why the petition should not be granted. On January 23, 2014, the respondent filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment and Response to Order to Show Cause. On February 6, 2014, before being issued a Roseboro Notice, the petitioner filed a reply, along with a Motion to File Out of Time Reply Brief. This matter is pending before me for Report and Recommendation pursuant to LR PL 2.

### II. Statement of Facts

On October 24, 2006, the petitioner was indicted by a federal grand jury in the Northern District of Ohio on three (3) counts involving possession with intent to distribute and distribution

1

of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and (b)(1)(B).[1] On January 9, 2007, the district court accepted a conditional plea to Count 3 of the Indictment, charging the petitioner with distribution of 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(A). On April 26, 2007, petitioner was sentenced to a term of 240 months incarceration and 10 years supervised release. In addition, on May 23, 2007, the petitioner was sentenced to 11 months incarceration for violation of supervised release to be served concurrently.[2]

On September 20, 2013, petitioner filed his instant petition under 28 U.S.C. § 2241, challenging an "unlawfully imposed excessive monetary fine" levied against him by the BOP for a disciplinary violation, and the BOP's calculation of his criminal history of violence as serious, rather than "minor."

As relief, petitioner seeks a declaration that the BOP's monetary sanction was unconstitutional and the return of his funds, and an Order directing the BOP to recalculate his history of violence as "minor."

In his motion to dismiss or, in the alternative, motion for summary judgment, the respondent argues that the petitioner's claims did not merit relief under § 2241.

In his reply, petitioner reiterates his claims and attempts to refute the respondent's arguments against the same.

### III. Standard of Review

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses."

---

[1] See Case # 5:06cr505, N.D. Ohio, (Dkt. # 12).

[2] See Case # 1:11cr00229-00-JG, Northern District of Ohio (Dkt. # 42).

Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," Id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary

judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

## IV. Analysis

The petitioner is not entitled to any relief under § 2241 because he is not challenging the legality of his custody and does not seek the immediate or speedier release from imprisonment.[3] Rather, he is challenging the conditions of confinement or a violation of his civil rights, and these are not claims which can be brought in a habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (federal habeas relief extends to prisoners challenging the fact or duration of imprisonment and § 1983 actions apply to inmates making constitutional challenges to conditions of confinement). See also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). To pursue the claims raised in his petition, the petitioner must file a lawsuit governed by Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971),[4] and pay the $400.00 filing fee.[5]

## IV. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that the respondent's Motion to Dismiss or in the Alternative, Motion for Summary Judgment and Response to Order to Show Cause (Dkt.# 30) be **GRANTED,** and petitioner's § 2241 petition (Dkt.# 1) be **DENIED and DISMISSED without prejudice** to his right to file a Bivens action.

---

[3] At best, a lower security classification score might result in a transfer to a lower security institution; it would not affect the fact or duration of petitioner's confinement.

[4] In Bivens, the Supreme Court created a counterpart to § 1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Because petitioner is a federal prisoner, he must therefore file a Bivens action as opposed to one under § 1983.

[5] Although a grant of *in forma pauperis* status would absolve the petitioner from pre-paying the $400.00 filing fee, under the PLRA, the entire fee would be collected from his Prison Trust Account in increments.

Further, the undersigned recommends that petitioner's pending Pro Se Motion for Summary Judgment (Dkt.# 28) be **DENIED as moot**, and his pending *Pro Se* Motion to File Out of Time Reply Brief (Dkt.# 32) be **GRANTED.**

**Within fourteen (14) days** after being served with a copy of this recommendation, **or by February 26, 2014**, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and electronically, to all counsel of record.

Entered: February 12, 2014

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE