```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**DONNELL HAWKINS,**

      **Plaintiff,**

**v.**                  **//**    **CIVIL ACTION NO. 1:13CV214**
                                       **(Judge Keeley)**

**R.A. PERDUE, Warden,**

      **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 33], GRANTING PLAINTIFF'S MOTION TO FILE REPLY BRIEF OUT OF TIME [DKT. NO. 32], GRANTING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 30], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 28] AS MOOT, AND DISMISSING PETITION [DKT. NO. 1] WITHOUT PREJUDICE**

On September 20, 2013, the pro se petitioner, Donnell Hawkins ("Hawkins"), filed a petition, pursuant to 28 U.S.C. § 2241, alleging that the Bureau of Prisons ("BOP") (i) "unlawfully imposed excessive monetary fines [$300] for a violation of a BOP rule," and (ii) "unlawfully computed [Hawkins'] history of violence as serious instead of minor." (Dkt. No. 1). As relief, Hawkins seeks a declaration that the $300 fine is unconstitutional, and a court order directing the BOP to reclassify his history of violence as "minor." Id. On January 23, 2014, the defendant, R.A. Perdue ("Perdue"), filed a motion to dismiss, arguing that Hawkins' claims are not cognizable under § 2241. (Dkt. No. 30).

Pursuant to LR PL P 2, the case was assigned to the Honorable James E. Seibert, United States Magistrate Judge, who, on February 12, 2014, entered a report and recommendation ("R&R"), recommending that the Court grant Perdue's motion to dismiss and dismiss

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 33], GRANTING PLAINTIFF'S MOTION TO FILE REPLY BRIEF OUT OF TIME [DKT. NO. 32], GRANTING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 30], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 28] AS MOOT, AND DISMISSING PETITION [DKT. NO. 1] WITHOUT PREJUDICE**

Hawkins' petition without prejudice. (Dkt. No. 33). Hawkins filed timely objections to the R&R, arguing that his claims were properly brought under § 2241. (Dkt. No. 35). For the following reasons, the Court **ADOPTS** the R&R, **GRANTS** Hawkins' motion to file a reply brief out of time (dkt. no. 32), **GRANTS** Perdue's motion to dismiss, **DENIES** Hawkins' motion for summary judgment **AS MOOT**, and **DISMISSES** Hawkins' petition **WITHOUT PREJUDICE.**

In Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973), the Supreme Court defined the limits of civil rights actions, but reserved a determination of "the appropriate limits of habeas corpus as an alternative remedy." Without further guidance, courts have long struggled to distinguish between those conditions of confinement properly challenged by prisoners under § 2241, and those better pursued under 42 U.S.C. § 1983, Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), or the Administrative Procedure Act ("APA"). See, e.g., Lee v. Wilson, 717 F.2d 888, 892 n.2 (4th Cir. 1983) ("Whether a precise substantive dividing line is ultimately to be drawn between habeas and [civil rights actions] or whether a degree of overlap in

**HAWKINS V. PERDUE**                                            **1:13CV214**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 33], GRANTING PLAINTIFF'S MOTION TO FILE REPLY BRIEF OUT OF TIME [DKT. NO. 32], GRANTING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 30], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 28] AS MOOT, AND DISMISSING PETITION [DKT. NO. 1] WITHOUT PREJUDICE**

respect of challenges to <u>conditions</u> of confinement is inherent in the two is a question not yet definitively resolved by the Supreme Court.") (emphasis in original).

That said, some circuits have been more permissive than others in recognizing § 2241 as an appropriate means of challenging conditions of confinement. <u>See generally</u> Brian R. Means, <u>Federal Habeas Manual</u> § 1:29 (2013). For instance, the Second Circuit has determined that a § 2241 petition "seeking injunctive relief from federally imposed conditions of confinement" was appropriate, <u>see</u> <u>Thompson v. Choinski</u>, 525 F.3d 205, 209 (2d Cir. 2008); the Sixth Circuit has entertained a § 2241 petition challenging the use of videoconferencing to conduct a parole hearing, <u>see</u> <u>Terrell v. United States</u>, 564 F.3d 442, 449 (6th Cir. 2009); and the District of Columbia Circuit has expressly stated that "[o]ur precedent establishes that one in custody may challenge the conditions of his confinement in a petition for habeas corpus," <u>see</u> <u>Aamer v. Obama</u>, 742 F.3d 1023, 1032 (D.C. Cir. 2014). On the other hand, the Seventh and Tenth Circuits are more restrictive. <u>See, e.g.</u>, <u>Glaus v. Anderson</u>, 408 F.3d 382, 386 (7th Cir. 2005) ("If a prisoner is not challenging the fact of his confinement, but instead the

**HAWKINS V. PERDUE** **1:13CV214**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 33], GRANTING PLAINTIFF'S MOTION TO FILE REPLY BRIEF OUT OF TIME [DKT. NO. 32], GRANTING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 30], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 28] AS MOOT, AND DISMISSING PETITION [DKT. NO. 1] WITHOUT PREJUDICE**

conditions under which he is being held, we have held that [he] must use a § 1983 or Bivens theory."); Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000) ("[F]ederal claims challenging the conditions of his confinement generally do not arise under § 2241.").

The Fourth Circuit has not provided its district courts with guidance as clear as that in Aamer.[1] Nevertheless, district courts within this circuit have staked out their place on the spectrum by demonstrating a consistent reluctance to permit prisoners challenging the conditions of their confinement to proceed under § 2241. See, e.g., Warman v. Philips, No. 1:08CV217, 2009 WL 2705833, *3 (N.D.W. Va., Aug. 25, 2009) ("It is well-established, however, that [a § 2241 petition] may not be used to challenge the inmate's conditions of confinement."); Mendez v. Beeler, No. 5:05HC217, 2005 WL 4753402, *1 (E.D.N.C., May 10, 2005) ("A federal inmate's challenge to the conditions of his confinement is

---

[1] But see McNair v. McCune, 527 F.2d 874, 875 (4th Cir. 1975) (per curiam) ("We hold there is federal habeas corpus jurisdiction over the complaint of a federal prisoner who is challenging not the validity of his original conviction, but the imposition of segregated confinement without elementary procedural due process and without just cause.").

4

**HAWKINS V. PERDUE**                                          **1:13CV214**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 33],
GRANTING PLAINTIFF'S MOTION TO FILE REPLY BRIEF OUT OF
TIME [DKT. NO. 32], GRANTING DEFENDANT'S MOTION TO
DISMISS [DKT. NO. 30], DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT [DKT. NO. 28] AS MOOT, AND
DISMISSING PETITION [DKT. NO. 1] WITHOUT PREJUDICE**

appropriately brought as a Bivens action, rather than as an action seeking habeas relief under § 2241."); McCain v. Garrity, No. 3:02CV435, 2002 WL 32362032, *2 (E.D. Va., July 16, 2002) ("An action regarding the quality of medical care while incarcerated challenges a prisoner's conditions of confinement and therefore properly lies in a § 1983 civil rights action or a Bivens action. Thus, a writ of habeas corpus is inappropriate . . . .").

By alleging the BOP's unlawful imposition of a fine and incorrect classification of his history of violence, Hawkins' § 2241 petition presents a challenge to the conditions, rather than the fact or duration, of his confinement. Indeed, Hawkins does not challenge this conclusion in his objections to the R&R. As such, the Court will follow the precedent of its own decisions and those of other district courts within this circuit in holding that Hawkins' challenges to the conditions of his confinement are not cognizable under § 2241, but instead must be pursued through a Bivens action or a claim under the APA.

For these reasons, the Court **ADOPTS** the R&R, **GRANTS** Hawkins' motion to file a reply brief out of time, **GRANTS** Perdue's motion to

5

**HAWKINS V. PERDUE**                                                  **1:13CV214**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 33], GRANTING PLAINTIFF'S MOTION TO FILE REPLY BRIEF OUT OF TIME [DKT. NO. 32], GRANTING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 30], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 28] AS MOOT, AND DISMISSING PETITION [DKT. NO. 1] WITHOUT PREJUDICE**

dismiss, **DENIES** Hawkins' motion for summary judgment **AS MOOT**, and **DISMISSES** Hawkins' petition **WITHOUT PREJUDICE**.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies to counsel of record, the <u>pro se</u> petitioner, and the Honorable James E. Seibert, United States Magistrate Judge.

DATED: May 15, 2014.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE
